UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CARL JOHNSON	CIVIL ACTION NO. 24-cv-1128

VERSUS	JUDGE S. MAURICE HICKS, JR.

SAMS EAST INC	MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Carl Johnson ("Plaintiff") filed this slip and fall action in state court against Sam's East, Inc. Sam's removed the case based on diversity jurisdiction after Plaintiff served a discovery response that estimated his general damages at $100,000, which exceeds the requisite amount in controversy. Before the court is Plaintiff's Motion to Remand (Doc. 11) on the grounds that post-removal information has clarified that his damages are actually less than $75,000. For the reasons that follow, it is recommended that the motion to remand be denied.

### Relevant Facts

Plaintiff alleged in his state court petition that he was a customer at a Sam's store in Bossier City when a store employee asked him to step aside to allow the employee to pass with merchandise. Plaintiff claims that he stepped onto a pallet, and his foot became trapped/stuck in the pallet and caused him to fall to the ground. He contends that he suffered "severe and grievous injuries to body and mind," and his petition demanded

damages for medical expenses, physical pain and suffering, loss of enjoyment of life, and residual disability.

The petition, in accordance with Louisiana law, did not specify the amount of damages sought. Plaintiffs sometimes do allege whether the amount at issue is sufficient to trigger the right to a jury trial under state law or to satisfy the requirement in federal diversity cases that the amount in controversy exceeds $75,000. Plaintiff alleged in Paragraph 6 that the amount in controversy is believed to be in excess of $50,000 based on the available medical evidence, but his treatment was ongoing so "it is not yet known if his total damages will be in excess of $75,000."

Sam's later served Plaintiff with a number of interrogatories and requests for production of documents. In response, Plaintiff identified healthcare providers that provided care including an MRI of the left ankle and foot. Interrogatory No. 13 asked Plaintiff to state each element of damages he claimed. Plaintiff responded that he requested recovery of the cost of his medical care, the amount of which was yet to be determined. He also listed: "General damages in amount to be determined by the finder(s) of fact in this matter but estimated to be $100,000." Interrogatory No. 14 asked him to set forth each injury he claims to have received as a result of the incident. Plaintiff listed back pain, low back pain, muscle spasm in the back, buttocks pain, left ankle pain, left foot pain, and headaches.

Sam's, a citizen of Arkansas, promptly removed the case based on diversity of citizenship between itself and the Louisiana plaintiff and Plaintiff's assertion that his general damages were estimated at $100,000. Plaintiff's motion to remand includes an

assertion by counsel that, since the removal, additional medical evidence has been received that indicates past medical expenses totally only $8,075.10 and that Plaintiff's treatment appeared to conclude by December 2023, about eight months after the accident. Counsel states that it is not possible that his general damages, together with an estimated $2,500 in lost wages, would exceed the $75,000 amount in controversy required for diversity jurisdiction.

Counsel concedes that he did initially estimate his client's general damages at $100,000, but he says that he has since "revised that estimate" and amended his discovery responses. The revised estimate is supported only by counsel's statements in the motion. There are no exhibits such as amended discovery responses, a stipulation of facts by Plaintiff, or other evidence that might provide a factual basis for the change of view.

**Analysis**

Sam's satisfied its burden under 28 U.S.C. § 1446(c)(2) with respect to the amount in controversy by demonstrating by a preponderance of the evidence that it was more than $75,000. Sam's did so by pointing to Plaintiff's direct assertion that his general damages alone were approximately $100,000.

Plaintiff's efforts to obtain remand by engaging in a post-removal revision or reconsideration of his prior assertion may not succeed. "The jurisdictional facts that support removal must be judged at the time of the removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). "Under an easily stated, well-settled principle, reflected in numerous cases … the existence or nonexistence of the amount in controversy required for subject matter jurisdiction purposes is determined on the basis of the facts and

circumstances as of the time that an action is commenced in a federal court or arrives there from a state court by way of removal." Wright & Miller, 14AA Federal Practice & Procedure Jurisdiction § 3702.4 (4th ed.).

Once the district court's jurisdiction is established, subsequent events, including the amendment of pleadings to reduce the amount claimed, generally does not divest the court of diversity jurisdiction. Gebbia, 233 F.3d at 883. If "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 58 S.Ct. 586, 592 (1938).

The jurisdictional facts present at the time of removal, which included Plaintiff's assertion of $1000,000 in general damages, satisfied the amount in controversy requirement. Plaintiff's counsel's later reassessment, amendment of discovery responses, or the like cannot change those facts or deprive the court of jurisdiction. Plaintiff may urge that the new information gained post-removal indicates that he cannot recover that amount, but "it is well-settled that the amount in controversy test and a federal court's subject matter jurisdiction are not dependent upon whether the plaintiff succeeds in the action or the alleged amount actually is recovered by the plaintiff at the end of the case, absent a showing of bad faith." Wright & Miller, 14AA Federal Practice & Procedure Jurisdiction § 3702.4 (4th ed.).

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 11) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2024.

Mark L. Hornsby
U.S. Magistrate Judge